# Edmund Milne, plaintiff in error *against* Alexander Cummings.

Recital in a deed by trustees, that one of them had refused to intermeddle with the trust, is no evidence of that fact.

Joint-tenants must join in ejectment.

EJECTMENT. Writ of error to the Common Pleas of Somerset county. The cause was tried 31st August 1808, when two

bills of exceptions were sealed by President Young, the substance whereof is as follows :

The plaintiff in support of the issue on his part, gave in evidence an application in the name of Thomas Mitchell, dated, &c.; a survey made thereon by Thomas Smith, D. S. on the, &c. ; a deed poll by the said Mitchell to John Vanderen, dated, &c. ; a deed from the said Vanderen to John Hazelwood, Josiah Hewes, Edmund Milne and Samuel Garrigues, in trust, dated, &c., and a patent to the said grantees, in trust, dated, &c., and shewed in testimony that the said John Hazelwood was dead.  He then offered in evidence a deed from Edmund Milne and Samuel Garrigues, two of the trustees, to John Clarkson, dated, &c., which recited that the aforesaid Josiah Hewes had refused to intermeddle with the trust, but the court would not permit the same to be given in evidence.

The plaintiff then contended, that a right to one undivided third part of the lands became vested in the plaintiff, under the foregoing deeds on the death of Hazelwood, and that he was intitled to recover the same in this suit.  But the court declared themselves of a different opinion, and so charged the jury. Whereupon, &c.

Mr. S. Riddle for the plaintiff in error contended, that as Hewes would not sustain the character of a trustee, and act under the deed, that the conveyance by the acting trustees was valid in law.  But should it be otherwise Milne had a legal interest in one undivided third part of the lands, and intitled to a verdict for that proportion of the premises. .

The court stopped Mr. Woods, who was proceeding to argue on the part of the defendant.

There is no legal evidence, from which we can infer that Hewes refused to intermeddle with the trust.  On the contrary, *the insertion of his name in the patent, carries with it a very different aspect.  If the fact really was, that he would not accept the trust, it would readily be susceptible of proof ; but co-trustees inserting it in their deed, cannot be received as evidence of the fact ; because otherwise a majority of the trustees might by such a recital remove one of their number from the trust, at their mere will and pleasure.

The deed from Vanderin conveyed no beneficial interest, but a mere trust, to be executed by all the grantees.  They were joint tenants of the trust estate.  In all real and mixt actions, joint tenants generally ought to join ; for they have but one joint title and one freehold.  Co. Lit. 189, a. 195, b.  They must join in trespass, and other personal actions, where they have a joint interest ; as in debt or avowry for rent.  5 Mod. 73.  Joint tenants are seised *per my* and *per tout* of the whole land, and none of them have an exclusive interest therein.  And if one joint tenant be sued, he may plead, that he holds jointly with such a one, who is alive and not named.  Com. Dig. Abatement.

[Milne, in Error, *v.* Cummings.]

F. 4. E. 9. It follows, that the Court of Common Pleas were right in their decisions upon both points, and their judgment must be affirmed. See 5 Espin. Rep. 151. S. C. 5 East 491.

Cited in 59 Pa. 484 in support of the proposition that joint tenants, who are regarded as having one entire and connective right, and are said to be seised *per my et per tout,* each having the entire possession as well of every parcel as of the whole, cannot sue separately for themselves, or for the joint benefit of themselves and their fellows, but must join and be joined in all actions respecting the estate.

---

I have thus far faithfully reported the several decisions in the Supreme Court, since I came on the bench in April 1791. Mr. Binney having begun to publish his reports, chiefly of cases in the Eastern District, I do not feel the same necessity of reporting the resolutions in that district, as formerly appeared to me. But I shall proceed in reporting the decisions in the other districts; while I have leisure for so doing.

---

NOTE.—Most of the cases in the author's manuscript, within the period of this volume having been reported in the first and second volumes of Mr. Binney's Reports, such cases only, as are not contained in Mr. Binney's work, are now offered to the public.

All the subsequent cases, one of little importance excepted, having been already published, it becomes expedient to close these reports with the September Term of the Western District 1808. EDITOR.